UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

    Micah J. Ibbetson,　　　　　　　　　　Bankruptcy Case No. 19-21109-PRW
　　　　　　　　　　　　　　　　　　　　　　　　Chapter 7

              Debtor.


**DECISION AND ORDER
DENYING MOTION OF UNITED STATES TRUSTEE
FOR EXTENSION OF TIME UNDER
11 U.S.C. §§ 707(b) and 727(a)**

PAUL R. WARREN, U.S.B.J.

    The United States Trustee timely moved for a 60-day extension of time to both file a motion to dismiss under § 707(b) and to object to the Debtor's discharge under § 727(a) of the Code. (ECF No. 15). In response and in opposition to the motion, the Debtor both asserts that the UST has failed to demonstrate cause to support the requested extensions and provides answers to the questions identified by the UST. (ECF No. 18).

    Because the Court concludes that the UST has not carried its burden of establishing cause to support the requested extensions, as required by Rules 1017(e) and 4004(a) FRBP, the motion is **DENIED**.

**I.**

**JURISDICTION**

    The Court has jurisdiction under 28 U.S.C. §§ 158(a), (b)(1) and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## II.

## ISSUE

The narrow question to be answered is whether the UST has adequately demonstrated cause to support the request for an extension of the deadline to bring either a motion to dismiss under 11 U.S.C. § 707(b) or to file a complaint objecting to discharge under 11 U.S.C. § 727(a) and (c)(1), where the UST failed to diligently prosecute an investigation in a manner reasonably likely to enable the UST to obtain information within the 60-day deadline imposed by the Bankruptcy Rules. The answer is no.

## III.

## FACTS

Micah Ibbetson filed a Chapter 7 petition, including all required schedules and statements, on November 6, 2019. (ECF No. 1). The petition indicates that Mr. Ibbetson's debts are primarily income tax debts, not consumer debts. (ECF No. 1, Official Form 101, Part 6, No. 16). A Chapter 7 trustee conducted the meeting of creditors, under § 341(a) of the Code, on December 11, 2019. The Chapter 7 trustee filed a "no asset report" the next day. (ECF No. 11). The last day to move to dismiss under § 707(b) or to file a complaint objecting to Mr. Ibbetson's discharge under § 727(a) was February 10, 2020—a Monday.

On Thursday, February 6, 2020, the UST filed a motion seeking to extend the deadlines under § 707(b) and § 727(a) by 60 days. (ECF No. 15). The justification supporting the request is that, on Friday, January 31, 2020, the UST "received a letter that raises questions with regard to this case." (*Id.* at ¶ 2). Specifically, the letter seems to accuse Mr. Ebbetson of failing to disclose the purchase of a new vehicle and the creation of a new business. (*Id.*). The author of the letter is

2

not identified—but the UST does not claim that the letter was submitted anonymously. A copy of the letter is not attached to the motion as an exhibit. The motion indicates that "[i]mmediately upon receipt of the letter, [the UST] reached out to the chapter 7 trustee." (*Id.* ¶ 3). The motion does not mention the mode of communication used, but it tacitly acknowledges that the UST had the ability to immediately react upon receipt of "the letter." The motion does not assert that any effort was made to also immediately contact counsel to Mr. Ibbetson, on January 31, 2020, to investigate the allegations. And, the motion does not suggest that the debts owed by Mr. Ibbetson are primarily consumer debts—the debts listed are overwhelmingly income tax debts. (*Id.*).

After having failed to make any effort to take the matter up with Mr. Ibbetson's attorney on January 31, 2020, the Assistant UST was unfortunately out sick on Monday and Tuesday, February 3rd and 4th. (*Id.* ¶ 6). While the motion states that "[n]o other attorney works in the Rochester office," the UST acknowledges that there are other staff members in the Rochester office of the UST. (*Id.*). But, it appears that it was not until Wednesday, February 5, 2020, that the UST "*prepared a letter* [to counsel] *to see if he would agree to a short extension of time so that we could investigate the concerns raised in the letter*." (*Id.* (emphasis added)). It would be fair to assume that the earliest the UST's letter could have been received by counsel to Mr. Ibbetson would have been some time on February 6th. The UST filed this motion on February 6th at 3:30 p.m., because counsel had not responded to the letter. (*Id.*). At no time between January 31st and February 6th does the UST allege that it made any effort to contact counsel to Mr. Ibbetson.

Mr. Ibbetson promptly filed a lengthy and factually-detailed response in opposition to the motion. (ECF No. 18). The response observes that an extension to bring a motion to dismiss under § 707(b) of the Code is unwarranted, because Mr. Ibbetson's debt is not primarily consumer debt—a statutory predicate to such relief being sought—so an extension would serve no purpose. (*Id.*

3

Case 2-19-21109-PRW, Doc 23, Filed 03/05/20, Entered 03/05/20 12:43:26, Description: Main Document , Page 3 of 9

¶ 14). Mr. Ibbetson also objects to the requested extension to file a complaint objecting to discharge under § 727(a) of the Code, because the UST has failed to demonstrate cause to support such a request. (*Id.* ¶¶ 15, 16). Mr. Ibbetson also provides detailed answers to the accusations made in the tipster's (yet undisclosed) letter.[1]

IV.

DISCUSSION

"The discharge is the most important element in the debtor's fresh start. Accordingly, the debtor has an interest in the prompt resolution of discharge issues, and the law sets a tight time frame for discharge objections." *In re Nowinski*, 291 B.R. 302, 305 (Bankr. S.D.N.Y. 2003) (citations omitted). And, like a complaint objecting to discharge under § 727(a), a motion seeking dismissal of a Chapter 7 case as abusive under § 707(b) is subject to a similarly tight time frame. *See In re Bomarito*, 448 B.R. 242, 248 (Bankr. E.D. Cal. 2011) ("[When] the UST requests dismissal of the case to prevent abuse, he is really objecting to the Debtors' right to receive chapter 7 relief, in other words a chapter 7 discharge . . . .").

Here, the UST seeks an extension of time for both a motion to dismiss under § 707(b) and a complaint objecting to discharge under § 727(a). The motion refers only to Rule 1017(e) FRBP as authority for the sought-after extension. (ECF No. 15 ¶ 8). Of course, a request for an extension

---

[1] On the eve of the hearing for this motion, the UST filed a second and independent motion seeking dismissal of this case under § 521(a)(1)(B)(iv) and § 707(a)(3), alleging that Mr. Ibbetson failed to file payment advices as required by the Code. (ECF No. 20). The UST makes no mention of § 521(i)(1), which provides for the automatic dismissal of a case on the 46th day after the petition, if the debtor fails to file all of the information required by § 521(a)(1). The UST made the motion returnable on April 9, 2020. Because, if true, this basis to seek dismissal is "automatic" by statute, it is unclear why the UST has elected to burden the Court with piecemeal litigation of this case. It is even less clear why this basis for seeking dismissal was not raised long ago. The 46th day after filing was December 23, 2019, many weeks prior to the filing of the motion at issue.

4

of the 60-day deadline applicable to a motion under § 707(b) of the Code is governed by Rule 1017(e)(1). However, a request for an extension of the 60-day deadline applicable to a complaint under § 727(a) of the Code is governed by Rule 4004(b). Both Rule 1017(e) and Rule 4004(b) authorize the Court to extend the 60-day deadline, but only "for cause." "Identical words used in different parts of the Rules should be given the same meaning." *In re Bomarito*, 448 B.R. at 248 (citing *Sullivan v. Stroop*, 496 U.S. 478, 484 (1990)).

The moving party has the burden of proof to demonstrate cause to extend the deadlines under Rule 1017(e) and Rule 4004(a). "The movant's burden of proof cannot be satisfied with only a scintilla of evidence." *In re Bomarito*, 448 B.R. at 248 (citing *In re Stonham*, 317 B.R. 544, 547 (Bankr. D. Colo. 2004) (internal quotation marks omitted)). The movant must "establish at least a reasonable degree of due diligence to be accorded the requested extension." *In re Bomarito*, 448 B.R. at 248 (internal quotation marks omitted) (quoting *In re Molitor*, 395 B.R. 197, 205 (Bankr. S.D. Ga. 2008) (citing *In re Stonham*, 317 B.R. at 547)). "Cause is not shown when the moving party offers no evidence to show that he or she has *diligently prosecuted an investigation* of the underlying issues and offers no reasonable explanation why that *investigation* could not be completed within the time allotted." *In re Bomarito*, 448 B.R. at 251 (emphasis added) (internal quotation marks omitted).

Here, no cause has been demonstrated for an extension of the deadline under Rule 1017(e)—governing motions to dismiss for abuse under 11 U.S.C. § 707(b)—because the UST seemingly concedes that Mr. Ibbetson's debts are primarily for income taxes. A motion to dismiss under § 707(b) of the Code is reserved (by statute) for cases involving "primarily consumer debt." 11 U.S.C. § 707(b)(1). Debts for income taxes do not meet the definition of consumer debts under

11 U.S.C. § 101(8). So, the UST has no basis to move under § 707(b), making an extension under Rule 1017(e) unwarranted.

The UST has, in the alternative, requested an extension of time to object to Mr. Ibbetson's discharge under § 727(a) of the Code, the deadline for which is identical to that for a § 707(b) motion. *See* Rule 4004(a) FRBP. The instances of cause offered by the UST in support of the motion seem to be: (1) the lack of a staff attorney to investigate; and (2) the lack of a response from Mr. Ibbetson's attorney to the UST's letter requesting an extension of time (but not requesting information). (ECF No. 15 ¶ 6). But, the timeline traced in the motion and the actions taken by the UST do not demonstrate a reasonable or prudent effort *to diligently prosecute an investigation*, sufficient to show that cause exists to justify an extension of time under Rule 4004(b).

This motion is centered around a letter received by the UST on Friday, January 31st. And, "*[i]mmediately upon receipt of the letter*, the [Assistant UST] reached out to the chapter 7 trustee." (*Id.* ¶ 3 (emphasis added)). The motion is silent concerning why and how the UST "reached out" to the Chapter 7 trustee. But, the motion does demonstrate an ability of the UST to take *immediate* action the same day that the mystery letter arrived. What is not addressed is why the UST didn't also make *any* effort, that same day, to contact Mr. Ibbetson's attorney, to investigate the allegations made in the letter. A phone call would certainly have gotten the ball rolling—an important and necessary first step, in light of the fact that the objection deadline was looming only 10 days away at that point.

The motion points to the events over the following four business days as the cause supporting the motion. First, the Assistant UST was out sick for 2 business days. (*Id.* ¶ 6). In her absence, UST staff members reviewed the schedules (less than 40 pages in total) and listened to the audio recording from the meeting of creditors. (*Id.*). Next, on February 5th, upon her return

to the office, the Assistant UST discussed the matter with her staff and "determined that there were material questions raised that needed further inquiry." (*Id.*). So, the UST "prepared a letter to [Mr. Ibbetson's attorney] to see if he would agree to a short extension of time *so that we could investigate . . . .*" (*Id.*). And finally, the motion was filed the next day—most likely the same day (at the earliest) that the letter to Mr. Ibbetson's attorney would have arrived—because Mr. Ibbetson's attorney had not responded to the letter.

The plain language of Rule 4004(b) requires that an extension of time be granted only on a showing of cause. It has been observed that "[t]he emerging standard in this area is away from the more liberal standard and towards requiring the [movant] to establish at least a reasonable degree of due diligence to be accorded an extension." *In re Bomarito*, 448 B.R. at 248-49 (quoting *In re Desiderio*, 209 B.R. 342, 346 (Bankr. E.D. Pa. 1997)). Courts have looked to four factors to consider in determining whether cause has been demonstrated: (1) whether the moving party had sufficient notice of the deadline and information to file an objection; (2) the complexity of the case; (3) whether the moving party has exercised diligence; and (4) whether the debtor has been uncooperative or acted in bad faith. *In re Nowinski*, 291 B.R. 302, 305-06 (Bankr. S.D.N.Y. 2003).

Here, the information giving rise to the UST's concerns came from a letter delivered to the UST 10 days before the Rule 4004(b) deadline. Before then, the UST had no reason to be concerned. So, factor one tips in favor of the UST. But, the remaining factors all tip decidedly in favor of Mr. Ibbetson. This case is not complex. Mr. Ibbetson has not been uncooperative and has not acted in bad faith. The remaining factor—whether the UST *diligently prosecuted an investigation* of the issues raised by the mysterious letter—is problematic for the UST and tips decidedly in favor of Mr. Ibbetson.

7

The UST acknowledges in the motion that immediate steps were taken on January 31st, after receipt of the letter. (ECF No. 15 ¶ 3). Immediate action was not only possible—immediate action was taken. But, the UST offers no explanation why no effort was made to also contact Mr. Ibbetson's attorney by telephone (or by any other of the myriad possible methods) that same day. The areas of concern were few in number and could have easily been discussed—and possibly satisfactorily resolved—in a short telephone conversation or an email exchange. In an era of shrinking staffs and the need for staff to do more work with fewer resources, it seems axiomatic that charming but dated methods of investigation (such as letter writing) must be replaced with less costly and more efficient methods (telephone conversations or email). The need to abandon slower methods of communication is amplified by the short deadlines imposed by Rule 1017(e) and Rule 4004(a) FRBP. The government should not be rewarded, by clinging to outdated office practices, with an extension of time that leaves a debtor's fresh-start in limbo while the postman carries missives. One need only look at the reply by Mr. Ibbetson's attorney, filed only 2 business days after the UST field this motion, offering rich details and information sought by the UST—had the UST only asked.

The UST has failed to make an affirmative showing that reasonable diligence was exercised in investigating the narrow facts and circumstances at issue. And, no reasonable explanation is offered as to why the investigation could not be completed within the deadline imposed by the Rules. The Court finds that the methods of investigation and communication described in the motion were neither reasonably prudent nor diligent. The UST has failed to demonstrate cause sufficient to support the extension of the deadline under Rules 1017(e) and 4004(a). The Court, in the exercise of its discretion, **DENIES** the relief requested by the UST.

"Denying the [UST]'s motion for extension does not deprive the . . . United States Trustee of the ability to request revocation of the Debtor's discharge under 11 U.S.C. § 727(d) and (e) for at least one year after a discharge is granted. The Court deems those provisions sufficient to ensure that the [UST] has the ability to preserve the integrity of the bankruptcy process in this case." *In re Marsh*, Case No. 12-60195-7, 2012 Bankr. LEXIS 4462, at *11 (Bankr. D. Mont. Sept. 26, 2012).

V.

**CONCLUSION**

The motion of the UST requesting an extension of time to file a motion seeking dismissal under 11 U.S.C. § 707(b) or to file a complaint objecting to discharge under 11 U.S.C. § 727(a) is **DENIED**. However, in light of the UST's pending motion (ECF No. 20), alleging that Mr. Ibbetson failed to file 60 days of payments advices as required by § 521(a)(1)(B)(iv) of the Code, the saga for Mr. Ibbetson can't end here. If the UST's most recent motion is correct, this case may have been automatically dismissed by operation of law on the 46th day after it was filed. Until that motion is heard and determined by the Court, the Clerk of Court is directed to **DELAY** the entry of a discharge in this case until further order, in the exercise of the Court's discretion, under 11 U.S.C. § 105(a).

**IT IS SO ORDERED.**

DATED: March 5, 2020  _____/s/_____
      Rochester, New York        HON. PAUL R. WARREN
                                                    United States Bankruptcy Judge